2011 OK CR 7

**Reginald DAVIS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. PC–2010–963.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 2011.

**ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF**

¶ 1 On October 7, 2010, Petitioner, *pro se,* filed with the Clerk of this Court a combined Petition in Error with an attached supporting brief appealing a final order entered in the District Court of Oklahoma County, Case Nos. CF–2008–6216, CF–2009–1733, and CF–2009–3897. The Honorable Donald L. Deason, District Judge, signed the final order on September 9, 2010, and filed the journal entry thereof with the trial court clerk on September 10, 2010. The order denied an Application for Post–Conviction Relief that Petitioner filed in the District Court on July 30, 2010.

### I. History of Petitioner's Convictions

¶ 2 On October 6, 2009, while represented by counsel, Petitioner entered *Alford* pleas[1]

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the

in each of his three cases as follows: in CF–2008–6216, to the offenses of Trafficking in Illegal Drugs and Possession of Proceeds Derived from a Violation of the Uniform Controlled Dangerous Substances Act; in CF–2009–1733, to Possession of Proceeds Derived from a Violation of the Uniform Controlled Dangerous Substances Act and Possession of a Controlled Dangerous Substance with Intent to Distribute; and in CF–2009–3897, to Assault and Battery with a Deadly Weapon (two counts), Kidnapping, and Burglary in the First Degree. Petitioner's pleas were also entered to Page 2 of the Informations alleging that Petitioner had committed each of the foregoing offenses after having been previously convicted of two or more felonies. Pursuant to a plea agreement, the Honorable Kenneth Watson, District Judge, sentenced Petitioner to a term of thirty-five (35) years imprisonment on each count and ordered that Petitioner should serve each of those terms concurrently with one another.

¶ 3 After Petitioner filed an application to withdraw these pleas, Judge Watson, on November 3, 2009, granted the application. On that same date and while represented by different counsel than at his previous pleas, Petitioner again entered *Alford* pleas to each of those offenses listed above except as to the Trafficking matter in CF–2008–6216. On that particular offense, the State amended the allegations from Trafficking to that of Possession of a Controlled Dangerous Substance with Intent to Distribute, and to such amended allegations, Petitioner entered his *Alford* plea. Thereupon, and in accordance with a plea agreement, Judge Watson again imposed concurrent terms of thirty-five (35) years imprisonment for each offense. Petitioner did not appeal these convictions.

## II. Petitioner's Post–Conviction Claims

¶ 4 Petitioner's Application for Post–Conviction Relief asked that the District Court find Petitioner entitled to an out-of-time certiorari appeal because (1) he was not properly advised of his rights concerning an appeal,

and (2) his trial counsel provided ineffective assistance by failing to perfect an appeal or to inquire of Petitioner about whether he desired to appeal. The District Court concluded that the record did not support Petitioner's claims, and therefore Petitioner had "failed to demonstrate that he was denied an appeal through no fault of his own." (O.R.89.) In reaching this conclusion, the District Court found, "Petitioner was advised of his right to appeal and the manner in which that right must be invoked, and that he chose not to exercise his right to appeal." (O.R.88.) Additionally, the Court found, "Petitioner clearly understood his right to appeal from the October 6, 2009, hearing, as evidenced by his timely motion to withdraw those pleas, and this fact belies his assertion that he was denied effective assistance of counsel for failing to discuss his appellate rights with him." (O.R.88.) The District Court's order also concluded that Petitioner had not shown the prejudice necessary for a claim of ineffective assistance of counsel, because Petitioner could not show that he would in fact have filed an appeal "but for counsel's alleged failure to discuss [Petitioner's] appellate options with him." (O.R.88–89.)

## III. Petitioner's Arguments on Post–Conviction Appeal

¶ 5 In this appeal of the District Court's order, Petitioner now admits that he "was advised of his right to appeal these convictions during the sentencing proceedings." (Petr.'s Br. at 3.) Petitioner therefore abandons the first of his post-conviction claims for an out-of-time appeal. Nevertheless, Petitioner continues to argue that his trial counsel provided him ineffective assistance by not consulting with him about an appeal within that time for commencing such an appeal. It is apparent from Petitioner's argument that he believes the attorney for a convicted defendant must always consult with the defendant about an appeal. Contrary to Petitioner's belief, such is not the law, as the U.S. Supreme Court has held that there is no

imposition of a prison sentence even if he is unwilling or unable to admit his participation in

the acts constituting the crime.").

automatic duty in every case for counsel to consult with a defendant about the possibility of filing an appeal *Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 1036, 145 L.Ed.2d 985 (2000) ("We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.") In reaching this holding, the Supreme Court described the circumstances that must be present for there to be a duty on counsel to consult about the possibility of appeal:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*

¶ 6 Petitioner has not shown either of these circumstances was present in his case. Moreover, Petitioner's *Alford* pleas entered for a second time as part of a plea agreement are certainly not indicative of any desire to appeal. *See id.* (holding that "a highly relevant factor" concerning whether there was a breach of duty to consult about appeal is "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings"). On this record, Petitioner has not shown that his case gave rise to any duty on counsel's part to consult with Petitioner about an appeal or to place counsel on notice of the need to preserve Petitioner's right of appeal. Consequently, Petitioner has not shown any error in the District Court having refused to grant Petitioner post-conviction relief through a finding of ineffective assistance of counsel regarding Petitioner's right of appeal.

¶ 7 **IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court of Oklahoma County filed on September 10, 2010, denying Petitioner post-conviction relief in Case Nos. CF–2008–6216, CF–2009–1733, and CF–2009–3897, is AF-FIRMED. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2011), **MANDATE IS ORDERED ISSUED** on the filing of this decision.

¶ 8 **IT IS SO ORDERED.**

/s/ Arlene Johnson
ARLENE JOHNSON, Presiding Judge

/s/ David B. Lewis
DAVID B. LEWIS, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Clancy Smith
CLANCY SMITH, Judge